UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LANEMA BRUCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-cv-392-JEM |
| | ) |
| WALMART, INC., WALMART ASSOCIATES, | ) |
| and WALMART STORE #1319, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings including entry of judgment [Doc. 12]. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000 [*See* Docs. 1, 19 & 20].

Now before the Court is Defendants' Motion for Summary Judgment [Doc. 31] and Defendants' Motion in Limine #1 to Exclude the Testimony of Plaintiff's Expert, Reuben Mitchell [Doc. 34]. Because Plaintiff did not respond to Defendants' motions within the time provided by the Local Rules of this Court, the Court ordered Plaintiff to show cause why the motions should not be granted [Doc. 36]. Plaintiff filed a Response to Order to Show Cause [Doc. 37], a response in opposition to the motion for summary judgment [Docs. 40-1 & 40-2],[1] and a response in opposition to the motion in limine [Doc. 38]. Defendants filed replies to the motion for summary

---

[1] It appears that Plaintiff filed a duplicate of the Response to Order to Show Cause with her response to the motion for summary judgment [*See* Doc. 40].

1

judgment and the motion in limine, and in each reply, Defendants asked the Court to strike Plaintiff's responses [Docs. 41 & 42].

The motions are ripe for adjudication. For the reasons explained below, the Court will consider Plaintiff's late-filed responses, deny Defendants' motions to strike, grant Defendants' motion for summary judgment, and deny as moot Defendants' motion in limine.

## I. DEFENDANTS' MOTIONS TO STRIKE

By way of background, Defendants filed their motion for summary judgment [Doc. 31] and motion in limine [Doc. 34] on June 27, 2023. Pursuant to the Local Rules of this Court, Plaintiff's deadline to respond to the motion for summary judgment was July 18, 2023, and Plaintiff's deadline to respond to the motion in limine was July 11, 2023. *See* E.D. Tenn. L.R. 7.1(a) (explaining that parties have twenty-one days to respond to dispositive motions). Plaintiff had not responded to either motion as of July 19, 2023. On that date, the Court entered an Order to Show Cause [Doc. 36] ordering Plaintiff to show cause by July 24, 2023, why Defendants' two motions should not be granted.

On July 24, 2023, Plaintiff filed a response to the Order to Show Cause [Doc. 37] as well as a response in opposition to the motion in limine [Doc. 38] and a response in opposition to the motion for summary judgment [Docs. 40-1 & 40-2]. In her Response to Order to Show Cause, Plaintiff claims that counsel missed the filing deadlines due to a calendaring error and staffing changes [Doc. 37]. Plaintiff asks the Court for leave to file the responses late [*Id.* at 2].

Defendants oppose Plaintiff's late filing and request that the Court strike Plaintiff's responses in opposition to the motion for summary judgment and motion in limine [Docs. 41 & 42]. Defendants assert that Plaintiff's only justification for the late filings is counsel's inadvertence

and that Plaintiff has not established that the error was due to good cause or excusable neglect [*Id.*].

Rule 6(b) provides that "[w]hen an act may or must be done within a specific time," as here, "the court may, for good cause, extend the time" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Court has discretion to determine whether a party failed to act because of excusable neglect. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006)) ("We review a district court's determination of excusable neglect, or lack thereof, under the abuse-of-discretion standard." (citation omitted)). In deciding whether excusable neglect exists, courts balance what are commonly referred to as the *Pioneer* factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger*, 467 F.3d at 522 (citing *Pioneer Inv. Servs Co. v. Brunswick Assocs., Ltd. P'Ship*, 507 U.S. 380, 395 (1993)). The Sixth Circuit has explained that the "*Pioneer* factors do not carry equal weight; the excuse given for the filing must have the greatest import." *Proctor v. N. Lakes Cmty. Mental Health*, 560 F. App'x 453, 459 (6th Cir. 2014) (quoting *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010)).

While "inadvertence 'do[es] not usually constitute' excusable neglect," *Howard v. Nationwide Prop. & Cas. Ins. Co.*, 306 F. App'x 265, 266 (6th Cir. 2009) (citation omitted), the Court has considered the *Pioneer* factors and finds that they weigh in Plaintiff's favor under the circumstances of this case. Specifically, the Court finds that there is little prejudice in granting the extension, and the length of the delay is short, having little to no impact on the judicial proceedings. Further, Defendants have not suggested, nor does it appear, that Plaintiff was acting in bad faith.

As for the reason for the delay, Plaintiff states that counsel had staffing changes as well as a calendaring error [Doc. 37 p. 1]. Counsel believed the deadline for responding to the motion for summary judgment was July 25, 2023, instead of July 18, 2023 [Doc. 37]. While the Court finds that the reason for the delay weighs in Defendants' favor given the inadvertence of counsel, the other factors tip in Plaintiff's favor. The Court therefore **DENIES** Defendants' requests to strike [Docs. 41 & 42] and **GRANTS** Plaintiff leave to file late responses to the motion for summary judgment and the motion in limine.[2]

## II.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On September 3, 2020, Plaintiff visited Walmart Store #1319 [Doc. 39 ¶ 1]. Plaintiff entered the store with a bathing suit she had previously bought and wanted to return [*Id.* ¶ 2]. Walmart employee Will Harris ("Harris"), an asset protection associate, noticed Plaintiff and considered her behavior suspicious because she had merchandise condensed in her cart, bathing suits next to her open purse, and was holding a tag for one of the bathing suits she had selected [Doc. 40-2 p. 2; Doc. 40-4 pp. 72–80]. Harris continued to observe Plaintiff's behavior throughout the rest of her shopping trip [*Id.*].

After Plaintiff finished her shopping, she used a self-checkout to purchase the items in her cart [Doc. 40-4 p. 7]. While Plaintiff was checking out, a Walmart employee came over to help her in removing some items [*Id.*]. Plaintiff proceeded to pay for the items she scanned and began

---

[2]   With respect to the motion for summary judgment, the Court also considers that it "cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that [it] has discharged [its initial] burden." *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998) (citation omitted); *see also Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." (cleaned up)).

walking out of the store before being stopped by a Walmart employee [*Id.* at 7–8]. The employee asked for Plaintiff's receipt [*Id.* at 8]. The employee confirmed that Plaintiff purchased the bike in her shopping cart [*Id.*]. The employee returned Plaintiff's receipt, and Plaintiff began to exit Walmart [*Id.* at 9].

After Plaintiff passed the last point of sale, Harris stopped Plaintiff for suspected shoplifting [*Id.* at 9–11]. Walmart employees confirmed that there were at least two items in Plaintiff's shopping cart that were not on her receipt [*Id.* at 11]. The discrepancies on the receipt were a pillow and a pair of bathing suit bottoms that rang up as $5.00 despite the price tag listing $9.00 [*Id.* at 7, 9 & 11]. Plaintiff asserted that she did not intend to steal any of the merchandise and any inconsistencies were a result of a system error that should have been addressed by the Walmart employee helping with her transaction [*Id.* at 20]. Plaintiff also contests that she offered to pay for the pillow several times, after the discrepancy was brought to her attention [*Id.*].

Plaintiff maintains that Harris and another employee inventoried the contents of Plaintiff's shopping cart against her receipt for a second time [*Id.* at 21]. Based on Plaintiff's account, an officer from the Knoxville Police Department arrived at Walmart [*Id.* at 11]. According to Plaintiff, Harris informed the officer that he believed Plaintiff had stolen certain merchandise [*Id.*]. The officer issued a citation to Plaintiff for theft of property under Tenn. Code Ann. § 39-14-146 [*Id.* at 12; Doc. 39 p. 3; Doc. 40-3 pp. 12 & 14–15]. Plaintiff testified she was issued a refund for all the items she had purchased and left the store with the bathing suit she had initially brought in for return [Doc. 39 p. 4; Doc. 40-4 p. 22].

According to Plaintiff at the time of the incident, she was enrolled in a registered nursing program at Roane State Community College and employed by Nova Medical Center as a nurse

5

[Doc. 40-4 p. 27]. Plaintiff testifies that sometime after September 3, 2020, she was released from her job at Nova Medical Center and removed from her registered nursing program [*Id.*].[3]

Plaintiff provides a Justice Information Management Systems ("JIMS") Report [Doc. 40-3 pp. 12–14] and an Order for Expungement [*id.* at 15] as evidence of the citation she was issued and the dismissal of her criminal case. The JIMS report shows that on April 6, 2021, the Knox County General Session Court granted Plaintiff's motion to dismiss the shoplifting charge for failure to prosecute [*Id.* at 14]. On April 9, 2021, an Order for Expungement was granted for the shoplifting charge, based on the April 6, 2021 dismissal [*Id*. at 15].

Plaintiff later filed suit in this Court. In her First Amended Complaint, Plaintiff alleges common law tort claims for malicious prosecution and conversion with a request for punitive damages [Doc. 19]. Defendants now move for summary judgment asserting that there is no dispute as to any material fact and Defendants are entitled to judgment as a matter of law with respect to Plaintiff's malicious prosecution claim, conversion claim, and punitive damages claim [Doc. 31].

A.   **Standard of Review**

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002) (citation omitted).

---

[3]   Plaintiff contends that her release from employment at Nova Medical Center and her removal from the registered nursing program at Roane State were due to the citation issued because of the incident on September 3, 2020 [Doc. 40-4 p. 27].

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue also must be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*. Summary judgment is proper under Rule 56(c) if, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322 (1986).

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the finder of fact. *Anderson*, 477 U.S. at 249. The Court does not weigh the evidence or determine the truth of the matter. *Id*. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) (citation omitted). Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**B.     Analysis**

Defendants request summary judgment on Plaintiff's claims for malicious prosecution, conversion, and punitive damages [Doc. 31]. The Court has considered Defendants' motion, and for the reasons set forth below, the Court finds that it should be granted.

### 1. Malicious Prosecution

The parties agree that to establish malicious prosecution, the plaintiff must show that (1) a prior suit or judicial proceeding was brought against the plaintiff without probable cause, (2) the defendant brought such prior action with malice, and (3) the prior action was finally terminated in favor of the plaintiff. *Christian v. Lapidus*, 833 S.W.2d 71, 73 (Tenn. 1992) (citation omitted).[4] The final element is dispositive here.

Defendants argue that there is no evidence that the criminal proceeding at issue was terminated in favor of Plaintiff [Doc. 32 p. 7–8]. Defendants state that in *Mynatt v. National Treasury Employees Union, Chapter 39*, 669 S.W.3d 741 (Tenn. 2023), the Supreme Court of Tennessee explained that "a dismissal does not, by virtue of that, indicate innocence or that the action is without merit" [*Id.* at 8 (quoting 669 S.W.3d at 752)]. Defendants further state that the Supreme Court "clarified that the determination of whether a dismissal indicates innocence must be based only on 'the documents disposing of the proceeding or the applicable procedural rules'" [*Id.* (quoting 669 S.W.3d at 752)].

Plaintiff responds that summary judgment is not appropriate on her malicious prosecution claim because there are genuine issues of material fact in this case [Doc. 40-1]. Specifically, she asserts that she "appeared in Knox County General Sessions Court three times to defend herself from the shoplifting charges Walmart pursued" [Doc. 40-2 p. 14]. On April 6, 2021, the charge was dismissed "due to the inability of prosecutors to proceed with their case without a witness being present" [*Id.* (citing JIMS report)]. In other words, she says the case was dismissed because

---

[4] This Court sits in Tennessee, so it must apply the substantive law of Tennessee. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

of Walmart's failure to appear [*Id.*]. Then, on April 21, 2021, the court entered an Order for the Expungement of Criminal Offender Record [*Id.*].

Under *Mynatt*, "[a] plaintiff can pursue a claim for malicious prosecution only if an objective examination, limited to the documents disposing of the proceeding or the applicable procedural rules, indicates the termination of the underlying criminal proceeding reflects on the merits of the case and was due to the innocence of the accused." 669 S.W.3d at 752 (clarifying "that the favorable termination standard provided in *Himmelfarb* and *Parrish* applies regardless of whether the underlying dismissal involves a criminal or civil action" (footnote omitted)); *see also Himmelfarb v. Allain*, 380 S.W.3d 35, 38 (Tenn. 2012) ("[A] judgment that terminates a lawsuit in favor of one of the parties must address the merits of the suit rather than terminating the suit on procedural or technical grounds." (citing *Parrish v. Marquis*, 172 S.W.3d 526, 531 (Tenn. 2005)). "Although there is a presumption of innocence in criminal cases, a dismissal does not, by virtue of that, indicate innocence or that the action is without merit." 669 S.W.3d at 752. Further, "a fact-intensive and subjective inquiry into the reasons for and circumstances leading to the disposition is not permissible." *Id.* (citation omitted).

Plaintiff points to a JIMS Report [Doc. 40-3 pp. 12–14] as well as the Order for Expungement [*id.* at 15] in support of her assertion that the shoplifting charge was terminated in her favor. Neither of these documents, however, "dispos[ed] of the proceeding." *Mynatt*, 669 S.W.3d at 752. But even considering them, they do not state that the charge was dismissed on the merits due to Plaintiff's innocence [*Id.* at 12–15]. Rather, they show that the prosecution was dismissed due to a failure to prosecute upon motion of the defense [*Id.*]. And to the extent the charge was dismissed because Walmart failed to appear, the Court could not consider that information under *Mynatt*. 669 S.W.3d at 743 (explaining that "a fact-intensive and subjective

9

inquiry into the reasons for and circumstances leading to the disposition is not permissible"). Further, a dismissal based on Walmart's alleged failure to appear would not show that the shoplifting charge was terminated due to Plaintiff's innocence or because the prosecution was without merit. *See id.* ("Although there is a presumption of innocence in criminal cases, a dismissal does not, by virtue of that, indicate innocence or that the action is without merit.").

In sum, Defendants have shown that there is no evidence that the criminal proceeding at issue was terminated in favor of Plaintiff, and Plaintiff fails to raise a genuine issue of material fact with respect to this essential element of her malicious prosecution claim. Defendants are therefore entitled to judgment as a matter of law on this claim.[5]

### 2. Conversion

Defendants move for summary judgment on Plaintiff's conversion claim [Doc. 31]. In her response, Plaintiff concedes that the conversion claim is no longer viable [Doc. 40-1 p. 1]. Therefore, summary judgment in favor of Defendants is warranted on this claim as well.

### 3. Punitive Damages

"Tennessee follows the majority rule in American jurisdictions that actual damages must be awarded by the trier of fact before any award of punitive damages can be made." *Shockley v. Crosby*, No. M2003-00794-COA-R3CV, 2004 WL 2113052, at *10 (Tenn. Ct. App. Sept. 21, 2004). "A plaintiff has no right, the courts say, to maintain an action *merely* to inflict punishment; exemplary damages are in no case a right of the plaintiff and cannot, therefore, become a cause of action." *Allen v. Melton*, 99 S.W.2d 219, 225 (1936). Without any claim for actual damages [*see*

---

[5] Because the testimony of Reuben Mitchell does not relate to whether shoplifting charge was terminated in favor of Plaintiff, the Court need not consider Defendants' motion to exclude his testimony [Doc. 34; *see also* Doc. 40]. The motion [**Doc. 34**] is therefore **DENIED as moot**.

*infra* Sections II.B.1. and II.B.2.], Plaintiff is precluded from receiving punitive damages. Thus, Defendants are entitled to judgment as a matter of law.

## III. CONCLUSION

For the reasons explained above, the Court will **DISCHARGE** its Order to Show Cause [**Doc. 36**], **GRANT** Plaintiff's request for leave to file late responses [**Doc. 37**], **DENY** Defendants' motions to strike [**Docs. 41 & 42**], **GRANT** Defendants' Motion for Summary Judgment **[Doc. 31]**, and **DENY AS MOOT** Defendants' Motion in Limine #1 to Exclude the Testimony of Plaintiff's Expert, Reuben Mitchell **[Doc. 34]**. This case will be **DISMISSED**. A separate order will follow.

ORDER ACCORDINGLY.

_____
Jill E. McCook
United States Magistrate Judge